UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
FILED
OCT 14 2026
ANDREW W. MOELLER, CLERK
WESTERN DISTRICT OF NY

VICTOR ALEJANDRO GOMEZ-PAULINO,

Petitioner,

v.

PHILIP RHONEY, *in his official capacity as Field Office Director, Buffalo Field Office, Enforcement and Removal Operations, U.S. Immigration & Customs Enforcement*; JOSEPH FREDEN, *in his official capacity as Deputy Field Office Director of the Buffalo Federal Detention Facility*; DAVID VENTURELLA, *in his official capacity as Acting Director U.S. Immigration and Customs Enforcement*; MARKWAYNE MULLIN, *in his official capacity as U.S. Secretary of Homeland Security*; U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. IMMIGRATION & CUSTOMS ENFORCEMENT,

Respondents.

26-CV-2058 (JLS)

**ORDER**

Respondents concede that Petitioner is detained pursuant to 8 U.S.C. § 1226(a) under Second Circuit caselaw. *See Da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026); Dkt. 8. As a result, the immigration court has jurisdiction over a bond hearing, pursuant to *Da Cunha*. In addition, based on the particular facts and circumstances at issue here, Petitioner is entitled to a bond hearing at which

Respondents bear the burden to justify continued detention by clear and convincing evidence under *Velasco Lopez v. Decker*, 978 F.3d 842 (2d Cir. 2020). Accordingly, Respondents are ordered to provide Petitioner with a bond hearing by no later than **October 28, 2026**.

Furthermore, Petitioner's arguments regarding the warrantless arrest are without merit for the reasons stated in Respondents' response. Dkt. 8. *See also Palma v. Powell*, 828 F. Supp. 3d 1297, 1308 (N.D. Ala. 2026) ("[T]he Constitution does not prohibit arrests made in violation of statute" (citing *Virginia v. Moore*, 553 U.S. 164, 176–78 (2008)); *id.* (explaining that the "Fourth Amendment permits warrantless arrests where the arresting officer possesses probable cause," and that, even if the petitioner's arrest was warrantless, it "may still have been constitutional if the arresting officers had probable cause to believe that he committed a crime in their presence or had committed a felony"); *id.* ("Regardless, habeas is not a vehicle to redress defects in an initial arrest; its function is to determine whether the petitioner may lawfully remain in custody . . . If lawful grounds for detention exist, [the petitioner] is not entitled to release even if there were flaws in his original arrest") (citing *U.S. ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 158 (1923)). *Cf. I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984) ("The 'body' or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit

of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred." (citations omitted)).[1]

IT IS HEREBY ORDERED that Respondents shall provide Petitioner with a bond hearing by no later than **October 28, 2026**, at which Respondents bear the burden to justify continued detention by clear and convincing evidence; and it is further

ORDERED that the Clerk of Court is directed to close this case.

Dated: October 14, 2026
Buffalo, New York

JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

---

[1] *See also Rajah v. Mukasey*, 544 F.3d 427, 447 (2d Cir. 2008) (noting that "litigating the conduct surrounding an arrest would impose an intolerable administrative burden on the immigration enforcement system. Given that officers may arrest several aliens per day, they 'cannot be expected to compile elaborate, contemporaneous, written reports detailing the circumstances of every arrest.'" (quoting *Lopez-Mendoza*, 468 U.S. at 1049)).